**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

ARCH SPECIALTY INSURANCE
COMPANY,

                      Plaintiff,            **REPORT AND RECOMMENDATION**

  -against-                              **19-CV-3445 (DLI) (ST)**

F-1 AMERICAN MARBLE & TILE
CORP.,

                      Defendant.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

On June 11, 2019, Plaintiff Arch Specialty Insurance Company ("Arch" or "Plaintiff") commenced an action against Defendant F-1 American Marble & Tile Corp ("F-1" or "Defendant") asserting breach of contract, unjust enrichment, and account stated claims in connection with F-1's alleged failure to remit the policy premiums, taxes, and fees for the insurance coverage. *See generally* Compl., ECF No. 1. Defendant was served by the secretary of state on July 21, 2019. Summons Executed, ECF No. 5. Plaintiff requested a certificate of default against Defendant on July 21, 2019 (ECF No. 6), and the Clerk of the Court entered a default against Defendant on July 26, 2019. Clerk's Entry of Default, ECF No. 8. On September 12, 2019, Plaintiff filed a fully briefed Motion for Default Judgment on the first and third counts of its Complaint. Mot. for Default J. & Mem. of L., ECF No. 11-14. The Honorable Judge Dora L. Irizarry referred the motion to me for a Report and Recommendation on September 16, 2019. Minute Entry, No. 19-cv-2684 (E.D.N.Y. Sept. 16, 2019). For the following reasons, I respectfully recommend that this Motion for Default Judgment be granted in part and denied in part, and that Plaintiff be awarded damages as described below.

# BACKGROUND

Unless otherwise stated, all factual statements are based on Plaintiff's allegations in the Complaint, Motion for Default, and other accompanying documents. Plaintiff moves for default judgment upon its claims under New York state law for breach of contract and account stated stemming from F-1's alleged failure to remit additional premiums for the insurance policy issued by Plaintiff. *See* Mem. of L. at 1, 6. This Court has jurisdiction over this case, as parties are citizens of different states, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(b), *see also* Compl. ¶¶ 3, 4. Arch is an insurance company organized under Missouri state laws with a principal place of business located in New Jersey. *See* Compl. ¶ 1. F-1 is a corporation organized under New York state law with a principal place of business in New York. *See* Compl. ¶ 2.

On August 19, 2017, Arch issued a general liability insurance contract to F-1 in exchange for premiums paid by F-1. *See* Compl. ¶¶ 6, 7. The initial premium amounts were estimated based on information provided by F-1 (or its insurance agent) to Arch. *See* Compl. ¶ 9. The policy was subject to an audit by Plaintiff to determine the actual exposure of risk to F-1. *See* Compl. ¶ 10. The policy explicitly provided that, depending on the audit results, the premiums would be adjusted upwards or downwards and retroactively applied from the policy start date. *See* Mem. of L. at 3.

Plaintiff's audit of F-1's insurance policy resulted in an additional premium of $113, 261.00 owed by F-1 to Plaintiff. *See* Compl. ¶ 11. Pursuant to the terms of the contract regarding the audit for additional premiums owed, Arch billed and issued demands for the additional premium payment. *See* Compl. ¶ 23. F-1 accepted the invoice as correct without disputing the amount. *See* Compl. ¶ 24. However, F-1 failed and refused to remit said payment to Arch. *See*

Compl. ¶ 12. Arch alleges that F-1 is liable for the New York Surplus Liens Tax (3.6%) and New York State Stamping fees (0.2%) amounting to an additional $4,269.94. *See* Compl. ¶ 14; Pellitteri Decl. ¶ 16; Mem. of L. at 4. Plaintiff sent an invoice on November 21, 2018 notifying that payment is due on January 19, 2019. *See* Pellitteri Decl., Ex. C ("Premium Invoice") at 2. Defendant, however, failed to make any payment towards the amount due. Compl. ¶ 17. As a result, on July 13, 2018, Plaintiff commenced this lawsuit seeking to recover $117,530.94 plus post-judgment interest and fees. Mem. of L. at 1, 4.

## LEGAL STANDARDS

### A. Default Judgment

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once found to be in default, the defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light

of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "In other words, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 2016 WL 5723982, at *2 (E.D.N.Y. Sept. 14, 2016) (citation omitted), *adopted by*, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016).

If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Unlike allegations pertaining to liability, allegations in the complaint relating to damages are not deemed admitted upon entry of a default; instead, the court considers whether the plaintiff "has met the burden of proving damages to the court with 'reasonable certainty.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 U.S. Dist. LEXIS 162711, at *4 (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155). A court need not conduct an evidentiary hearing to determine damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). The Court may find this basis

established "upon a review of detailed affidavits and documentary evidence." *J & J Sports Prods., Inc. v. Emily Bar Rest. Inc.*, No. 15-CV-6499 (RJD) (SMG), 2016 U.S. Dist. LEXIS 133905, at *6 (E.D.N.Y. Sept. 27, 2016), *adopted by* 2016 U.S. Dist. LEXIS 152074 (E.D.N.Y. Nov. 2, 2016) (internal citations omitted).

### B. Choice of Law

In the absence of a valid choice-of-law provision in the insurance policy, "the choice of law rules of the forum state — here, New York—govern." *Arch Specialty Ins. Co. v. Kajavi Corp.*, No. 18-CV-4043 (NGG) (SMG), 2019 U.S. Dist. LEXIS 116490, at *5 (E.D.N.Y. July 11, 2019) (internal quotations omitted). The applicable law is the local law of the state that parties "understood . . . to be the principal location of the insured risk." *Lapolla Indus., Inc. v. Aspen Specialty Ins. Co.*, 566 F. App'x 95, 97 (2d Cir. 2014) (internal quotation marks and citations omitted). Under New York's choice of law rules, courts have regarded "the state of the insured's domicile to be a proxy for the principal location of the insured risk." *Id*. Since F-1 is a New York corporation with its principal place of business in New York, New York law applies.

## DISCUSSION

### A. Liability

Plaintiff has abandoned its unjust enrichment claim and now moves for default judgment on its claims for breach of contract and account stated.

#### (1) Breach of Contract

To state a breach of contract claim under New York law, a plaintiff must allege: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages. *See Arch Specialty Ins. Co. v. Kajavi Corp.*, No. 18-CV-4043 (NGG) (SMG), 2019 U.S. Dist. LEXIS 116490, at *6 (E.D.N.Y. July 11, 2019) (internal citations omitted). Here, Plaintiff established the elements of a breach of contract claim under New York

5

law. First, Plaintiff alleges that the parties entered into an insurance contract. Compl. ¶¶ 6, 7; Pellitteri Decl. Ex A. (Insurance Policy), ECF No. 13-1. The contract obligated Plaintiff to provide insurance coverage for certain liabilities of F-1 in exchange for Defendant's payment of premiums. *Id*. The contract contemplates that the premiums may be adjusted subject to an annual audit of Defendant's exposure to risk. Compl. ¶ 10; Insurance Contract at 50, ECF No. 13-1.

Second, plaintiff alleges that it performed its contractual obligations by providing insurance coverage to defendant as stated in the Policy. Compl. ¶ 7. Third, plaintiff alleges that defendant breached the contract by refusing to pay the additional premium assessed by the annual audit and the New York Surplus Lines Tax and Stamping Fee. *Id*. ¶¶ 12-17. Lastly, defendant's refusal to pay the amount due under the Arch Policy caused monetary damages to plaintiff. *Id.* These allegations, deemed admitted by Defendant by its default in this action, are sufficient to establish a breach of contract claim under New York law. *See Arch Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 116490, at *6-7. Accordingly, this Court recommends that Defendant F-1 be found liable for breach of contract.

(2) Account Stated

Plaintiff's claim for account stated fails because it is duplicative of its claim for breach of contract. "Two claims are duplicative of one another if they arise from the same facts…and do not allege distinct damages." *Arch Specialty Ins. Co. v. All Island Bldg. & Restoration, Inc.*, No. 19-CV-2396 (JS)(SIL) 2020 U.S. Dist. LEXIS 79971, at *9 (E.D.N.Y. May 2, 2020) (quoting *NetJets Aviation, Inc. v. LHC Commc'ns*, LLC, 537 F.3d 168, 175 (2d Cir. 2008)). Plaintiff's account stated claim arises from the same facts as its breach of contract claim, specifically F-1's failure to pay the amount due under the Arch Policy. A defendant "cannot be found liable on both an account stated claim…and a breach of contract claim…in connection with the same

6

allegations of a failure to pay monies owed." *Arch Specialty Ins. Co. v. Kajavi Corp.*, No. 18-CV-4043 (NGG) (SMG), 2019 U.S. Dist. LEXIS 116490, at *7-8 (E.D.N.Y. July 11, 2019) (quoting *Wachtel & Masyr LLP v. Brand Progression LLC*, 2012 U.S. Dist. LEXIS 19878, 2012 WL 523621, at *1 (S.D.N.Y. Feb. 15, 2012)). Furthermore, Arch does not seek distinct damages under these two causes of action. *See* Compl. ¶¶ 17, 27. As Plaintiff is entitled to a default judgment on the breach of contract claim, the accounted stated claim is precluded as duplicative.

### B. Damages

Having established liability, this Court next determines the appropriate amount of damages to award. Plaintiff seeks to recover $113,261.00 in Additional Premium and $4,269.94 in New York State taxes and fees, plus interest, attorney's fees, litigation costs, and any other relief that this Court deems just and proper. Compl. at 5; Lahr Decl. ¶¶ 5, 16, ECF No. 12. The court must ascertain damages with "reasonable certainty." *Arch Specialty Ins. Co.*, 2020 U.S. Dist. LEXIS 79971, at *10 (citing *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014) (internal quotation marks and citation omitted)). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *Id*. (citations omitted).

First, Plaintiff seeks to recover Additional Premium and New York State taxes and fees. Compl. at 5. In support of its request, Plaintiff submitted an invoice dated November 21, 2018, reflecting $113,261.00 owed for the Additional Premium. *See* Pellitteri Decl. Ex. C ("Premium Invoice"), ECF No. 13-3. The invoice does not, however, indicate an amount owed for New York State Taxes and Fees. *Id*. Nor does the Arch Policy provide that Defendant is required to pay taxes and fees. *See* Pellitteri Decl. Ex. A ("Policy"), ECF No. 13-1. Thus, Arch's evidence establishes that if F-1 had fulfilled the Arch Policy, Plaintiff would have received $113,261.00

7

for the Additional Premium; however, it does not support recovery of New York State taxes and fees. Accordingly, the Court respectfully recommends that Arch be awarded $113,261.00 for the Additional Premium and that its request for $4,269.94 in taxes and fees be denied.

Next, Plaintiff seeks litigation costs in the total amount of $535.00 which includes the $400.00 filing fee and $135.00 in costs paid for service of process. Lahr Decl. ¶ 17; Lahr Decl. Ex. E (Service of Process Invoice), ECF No. 12-5. In support of its request, Arch submitted its attorney's declaration of the costs incurred, as well as an invoice for the $135.00 process service fee. Lahr Decl. ¶ 17; Lahr Decl. Ex. E (Service of Process Invoice), ECF No. 12-5. Accordingly, the Court respectfully recommends awarding Arch $535.00 in litigation costs.

Further, Plaintiff seeks to recover attorneys' fees. *See* Compl. ¶ 17. However, Plaintiff has not provided any supporting evidence or material to properly assess attorneys' fees. Thus, Plaintiff has failed to prove damages with "reasonable certainty." *See Arch Specialty Ins. Co.*, 2020 U.S. Dist. LEXIS 79971, at *10 (internal quotation marks and citation omitted). Moreover, "it is well established that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Summit Valley Indus., Inc. v. Local 112 United Bhd. Of Carpenters & Joiners*, 456 U.S. 717, 721, 102 S.Ct. 2112 (1982) (internal quotation marks omitted); *see also Oscar Gruss & Son. Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003) ("Under the general rule in New York, attorneys' fees are the ordinary incident of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule."); *H.Daya Int'l Co., Ltd. v. Arazi*, 348 F. Supp. 3d 304, 312 (S.D.N.Y. 2018) ("Unlike prejudgment interest, there is no similar right to an award of attorney's fees on an ordinary claim of breach of contract."). Plaintiff fails to allege or point to

8

any provision in the insurance policy which enables Plaintiff to recover attorneys' fees. *See* Pellitteri Decl. Ex. A ("Policy"), ECF No. 13-1.

Finally, Plaintiff seeks prejudgment interest of nine percent accrued from the date of the breach until the date of the Court's decision granting default. Lahr Decl. ¶ 18. Plaintiff also seeks interest from the date of the Court's decision granting default to the date of the entry of final judgment. *Id.* Under New York law, "interest is generally mandatory" upon a sum awarded for breach of contract at a rate of nine percent. *Arch Specialty Ins. Co.*, 2020 U.S. Dist. LEXIS 79971, at *13 (citing *Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015)). Interest is computed "from the earliest ascertainable date the cause of action existed." N.Y.C.P.L.R. § 5001(b). A breach of contract cause of action "accrues at the time of the breach." *Gillespie v. St. Regis Residence Club*, 343 F. Supp. 3d 332, 347 (S.D.N.Y. 2018) (internal quotation marks and citations omitted).

Here, in light of Defendant's breach of contract, Plaintiff is entitled to prejudgment interest at a rate of nine percent, accruing on January 19, 2019, which is when F-1's payment was due and thus when Defendant breached. *See* Pellitterri Decl. ¶ 16; *see* Premium Invoice. Applying the statutory rate of nine percent annual interest rate to the amount on the Arch Policy of $113,261.00, interest accrues at a rate of $27.93[1] per day. As of the date of this Report and Recommendation, interest has accrued for 605 days from January 19, 2019. Therefore, the Court recommends that Arch be awarded $16,897.65 to recover prejudgment interest through the date of this Report and Recommendation. The Court further recommends that Plaintiff be awarded $27.93 per day in interest until the date on which judgment is entered. *See, e.g., Amusement*

---

[1]   $27.93 = $113,261.00 * 0.09 (9% interest per annum) ÷ 365 (days)

*Indus., Inc. v. Stern*, No. 07-cv-11586, 2016 U.S. Dist. LEXIS 165966, 2016 WL 7009194, at *3 (S.D.N.Y. Nov. 30, 2016), report and recommendation adopted, 2017 U.S. Dist. LEXIS 1092, 2017 WL 57851 (S.D.N.Y. Jan. 4, 2017), aff'd, 721 F. App'x 9 (2d Cir. 2018) (awarding statutory prejudgment interest until date of judgment).

Finally, diversity cases, such as this, are subject to the federal post-judgment interest rate set forth in 28 U.S.C. § 1961. *See Arch Specialty Ins. Co.*, 2020 U.S. Dist. LEXIS 79971, at *13 (citing *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013)). Pursuant to 28 U.S.C. § 1961(a), "award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Arch Specialty Ins. Co.*, 2020 U.S. Dist. LEXIS 79971, at *13 (citing *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017)). Thus, the Court recommends awarding post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date judgment of this case has been entered until the Defendant has satisfied the judgment.

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment against Defendant F-1 be granted in part and denied in part. Specifically, the Court recommends granting Arch's motion based on Defendant's breach of contract and awarding Plaintiff: (i) $113,261.00 in damages; (ii) $535.00 in litigation fees; (iii) $16,897.65 in prejudgment interest plus per diem interest of $27.93 until judgment is entered; and (iv) post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Court further recommends denying the motion based on the account stated claim.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Plaintiff is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within five (5) days of the date of this Report and Recommendation.

**SO ORDERED.**

                                                            /s/
                                              Steven L. Tiscione
                                              United States Magistrate Judge
                                              Eastern District of New York

Dated: Brooklyn, New York
         September 15, 2020