**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

ARCH SPECIALTY INSURANCE COMPANY,

                            Plaintiff,            **REPORT AND RECOMMENDATION**

      v.                                         No. 19-cv-03445 (DLI) (ST)

F-1 AMERICAN MARBLE & TILE CORP.,

                            Defendant.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

        Plaintiff, Arch Specialty Insurance Company ("Plaintiff"), moved for sanctions against non-party Fernando Guaman ("Mr. Guaman"), pursuant to Federal Rule of Civil Procedure 45, Local Civil Rules 26.4 and 37.3 and this Court's Individual Motion Practice Rules, for Mr. Guaman's failure to comply with this Court's December 4, 2023 Order. The Order granted Plaintiff's Motion to Compel and ordered Mr. Guaman to comply with a subpoena to appear for a deposition in this case no later than January 31, 2024, or face a potential finding of contempt and appropriate sanctions. *See* ECF 22 [December 4, 2023 Order].

        Plaintiff's instant letter Motion for Sanctions ("Motion") requests that Mr. Guaman be found in civil contempt and sanctioned in the amount of $1,697.00, which Plaintiff asserts reflects their costs incurred in preparing, serving and attempting to enforce the subpoena at issue. *See* ECF 24. Plaintiff's Motion was filed on March 6, 2024. *Id.*

        On March 14, 2024, this Court issued an order scheduling an Order to Show Cause hearing and directed Mr. Guaman to appear in person at 10:00 a.m. on April 1, 2024 before this Court to show cause why Mr. Guaman should not be found in contempt for his failure to comply with the Rule 45 subpoena.

1

Mr. Guaman failed to appear at the Order to Show Cause hearing, failed to make any written submission regarding the order to show cause, and still has not otherwise responded to the subpoena. Therefore, for the reasons stated below, this Court respectfully recommends that Mr. Guaman be found in civil contempt and that Plaintiff's Motion be granted in its entirety.

## I.   LEGAL STANDARDS

### A.  Magistrate Judge's Contempt Authority

On a motion for civil contempt, a United States magistrate judge shall certify facts constituting civil contempt to the district judge, unless the case is one in which the magistrate judge presides with the consent of the parties under 28 U.S.C. § 636(c), or it is a misdemeanor case proceeding under 18 U.S.C. § 3401. *See Valencia v. 3108 N. Blvd LLC*, No. 20CIV5293OEMVMS, 2024 WL 412993, at *1 (E.D.N.Y. Feb. 5, 2024), *report and recommendation adopted*, No. 120CV05293OEMVMS, 2024 WL 1327314 (E.D.N.Y. Mar. 28, 2024) (citing 28 U.S.C. §§ 636(e)(4); 636(e)(6)(B)(iii); *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20 Civ. 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), *report & recommendation adopted*, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021)). 28 U.S.C. § 636(e)(6)(B)(iii) provides that:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

The parties in this case have not consented to a magistrate judge's jurisdiction nor is this a misdemeanor case proceeding under 18 U.S.C. § 3401. For the below reasons, the undersigned

certifies the following facts to the District Judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), which will be discussed after outlining the standard for civil contempt.

### B. Standard for Civil Contempt

Federal Rule of Civil Procedure Rule 45(g) provides that: "[t]he court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See* Fed. R. Civ. P. 45(g). Civil contempt is warranted if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, (3) the contemnor has not diligently attempted to comply in a reasonable manner." *N. Med. Care*, 2021 WL 7906537, at *1 (internal quotation marks & citation omitted). Rule 45(g) applies to non-parties. *See Perez v. Walmart Inc.*, No. 21 Civ. 4522 (JMW), 2022 WL 4329769, at *1 (E.D.N.Y. Sept. 19, 2022). Courts generally invoke contempt powers for failure to comply with a subpoena only after "prior issuance of a court order compelling that compliance, particularly with respect to non-parties," *NXIVM Corp. v. Bouchey*, No. 11 Misc. 58 (GLS) (DEP), 2011 WL 5080322, at *3 (N.D.N.Y. Oct. 24, 2011) (collecting cases); *N. Med. Care*, 2021 WL 7906537, at *1, although such condition is not required. *See also Valencia*, 2024 WL 412993, at *2.

### II.     CERTIFIED FACTS AND CONCLUSIONS OF LAW

This Court certifies that Plaintiff has set forth a prima facie case for civil contempt against Mr. Guaman. Indeed, the subpoena Plaintiff served on Mr. Guaman was "clear and unambiguous" given that the subpoena identified the date, time and location at which Mr. Guaman was required to appear for a deposition. *See* ECF 21-1 [Ex. 1 to Motion to Compel- Subpoena]. Specifically, Mr. Guaman's deposition was scheduled for August 23, 2023 at 10:30 a.m. at Plaintiff counsel's firm. Moreover, Plaintiff attached a detailed set of definitions to the subpoena and provided the

subject matter categories in which Mr. Guaman would be expected to testify. *Id.* Plaintiff also attached the Affidavit of Service, dated August 15, 2023, as Exhibit 2 to Plaintiff's Motion to Compel. *See* ECF 21-2 [Ex. 2 to Motion to Compel].

Additionally, Plaintiff's Motion to Compel also includes an email to Mr. Guaman's son, Luis Guaman, on the day Mr. Guaman's deposition was scheduled for (August 23, 2023) memorializing a conversation in which Luis Guaman agreed to obtain an alternative date for Mr. Guaman's deposition. *See* ECF 21-3 [Ex. 3]. Relatedly, Plaintiff's Moton to Compel also attaches an email to Clifford Olshaker ("Mr. Olshaker"), dated October 11, 2023, who purportedly was Mr. Guaman's point of contact in relation to the subpoena at issue. *See* ECF 21-4 [Ex. 4]. The email explained that Plaintiff would proceed with a Motion to Compel later that week if Mr. Guaman did not cooperate in scheduling the deposition. *Id.*

As noted *supra*, this Court granted Plaintiff's Motion to Compel on December 4, 2023. *See* ECF 22 [Order]. This Court ordered Mr. Guaman to "comply with the subpoena to appear for [the] deposition in this action pursuant to Federal Rules of Civil Procedure 37(a)(1) and 45(g) and Local Civil Rules 26.4 and 37.3" and provided that "Mr. Guaman must appear for [the] deposition no later than January 31, 2024. Failure to comply with the subpoena, and this Court's Order, may result in a finding of contempt and appropriate sanctions." *Id.*

On March 6, 2024, Plaintiff filed the instant Motion as also discussed above. *See* ECF 24. Notably, Plaintiff's instant Motion attached an email dated January 29, 2024, which provided a "final reminder" to Luis Guaman and Clifford Olshaker that "Fernando [Guaman] is required by court order to appear for a deposition no later than Wednesday, January 31, 2024, or face a potential finding of contempt and appropriate sanctions." *See* ECF 24-2 [Ex. B- email].

4

On March 14, 2024, as noted *supra*, this Court ordered non-party Mr. Guaman to appear in person at 10:00 a.m. on April 1, 2024 for an order to show cause hearing. *See* ECF 26. Plaintiff served an Affidavit of Service for the Order to Show Cause to Fernando Guaman on March 18, 2024. ECF 26. Plaintiff failed to appear and to date, Fernando Guaman, his son Luis Guaman, and Clifford Olshaker have still not scheduled Fernando Guaman's deposition.

### III.   CONCLUSION

For the above reasons, the undersigned certifies the foregoing facts and respectfully recommends that non-party Fernando Guaman be found in civil contempt for failure to appear at the April 1, 2024 Order to Show Cause hearing before this Court. This Court further recommends that Plaintiff's letter Motion for Sanctions be granted. Specifically, this Court recommends that the District Judge sanction non-party Fernando Guaman $1,697.00, which reflects Plaintiff's asserted costs incurred in preparing, serving and attempting to enforce the subpoena at issue. Plaintiff's counsel is ordered to immediately serve a copy of this Order on Mr. Fernando Guaman and file proof of service on ECF.

## IV.     OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any written objections to this Report and Recommendation must be filed within fourteen (14) days from service of this Report.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED**

       /s/ Steven Tiscione
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
May 16, 2024